IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SURFACIDE, LLC<br><br>    Plaintiff,<br><br>v.<br><br>SANUVOX TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Surfacide, LLC ("Surfacide") hereby files its Complaint against defendant, Sanuvox Technologies, Inc. ("Sanuvox"). For its causes of action, Surfacide states and alleges as follows:

### PARTIES

1. Plaintiff Surfacide, LLC is a Delaware limited liability company with offices located at 25030 Ramm Drive, Naperville, IL 60564.

2. Defendant Sanuvox Technologies, Inc. is a Canadian corporation with its principal place of business at 146 rue Barr, Montreal, Quebec H4T 1Y4, Canada.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the federal patent statutes, 35 U.S.C. §§ 271 and 281-285.

4. This Court has personal jurisdiction over Sanuvox because Sanuvox has committed and continues to commit acts giving rise to this action within Illinois and within this judicial district. For example, Sanuvox has committed and continues to commit acts of patent

32299554

1

infringement in this judicial district, as set forth below. Sanuvox has established minimum contacts within the forum such that the exercise of jurisdiction over Sanuvox would not offend traditional notions of fair play and substantial justice.

5. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because Sanuvox has committed acts of patent infringement within this judicial district giving rise to this action, and Sanuvox has and continues to conduct business in this judicial district, including one or more acts of selling and offering to sell the infringing mobile UV disinfection system and providing support to Sanuvox's customers in this judicial district. For instance, Sanuvox sold the ASEPTIX[2] UV Disinfection System (the "Accused Product") to KSB Hospital, located within the Northern District of Illinois at 403 East 1th Street, Dixon, IL 61021. Furthermore, Sanuvox is subject to the Court's personal jurisdiction and is deemed to reside in this judicial District.

6. Venue in the Northern District of Illinois is also proper because Surfacide is headquartered in this judicial district in Naperville, Illinois, and because the majority of Surfacide's documents and relevant evidence is located at Surfacide's headquarters within this judicial district.

**BACKGROUND**

7. Surfacide owns all rights, interests, and legal title in United States Patent No. 8,575,567 ("the '567 patent"), entitled "Hard-Surface Disinfection Surface," which was issued by the United States Patent and Trademark Office ("PTO") on November 5, 2013 from United States Patent Application No. 12/963,590 (the '590 application). A copy of the '567 patent is attached as Exhibit A.

8. Surfacide owns all rights, interests, and legal title in the '939 patent in United States Patent No. 8,895,939 ("the '939 patent"), entitled "Hard-Surface Disinfection Surface," which was issued by the PTO on November 25, 2014 from United States Patent Application No. 14/043,465, which was a continuation application claiming priority to the '590 application. A copy of the '939 patent is attached as Exhibit B.

9. Waldemar John Lyslo, Mark Howard Schwartz, and Stephen Boyd Pettis are the named inventors of the '567 and '939 patents. Surfacide owns the '567 and '939 patents by way of assignment from the inventors.

10. Surfacide develops, manufactures, and sells ultraviolet disinfection systems protected by the '567 and '939 patents.

11. Sanuvox does not have a license to the '567 patent or the '939 patent.

12. Sanuvox manufactures and sells ultraviolet disinfection systems, including the ASEPTIX[2] UV Disinfection System (the "Accused Product"). Sanuvox previously sold a single tower system, the Aseptix UV Sterilization System, but has chosen to promote a new infringing dual-tower system.

13. On information and belief, Sanuvox sells the Accused Product across the United States, including within the State of Illinois.

## COUNT I
### Infringement of the '567 patent by Sanuvox

14. Surfacide restates and realleges each and every allegation set forth in paragraphs 1-13 and incorporates them herein.

15. Sanuvox did not and does not have a license to the '567 patent and does not have authority to make, use, import, sell, or offer for sale any product covered by any claim of the '567 patent.

32299554

3

16. In violation of 35 U.S.C. § 271, Sanuvox is and has been directly infringing, contributorily infringing, and/or inducing infringement of one or more claims, including at least claim 1, of the '567 patent by manufacturing, using, importing, offering for sale, and/or selling the Accused Product. Sanuvox will continue manufacturing, using, importing, offering for sale, and/or selling the Accused Product in violated of 35 U.S.C. § 271, if not enjoined from doing so by this Court.

17. Upon information and belief, Sanuvox, with knowledge of the '567 patent, and without authority, has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement by its customers and end-users of one or more claims, including at least claim 1, of the '567 patent under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing Accused Product, intending to and in fact encouraging end-users to directly infringe the '567 patent. On information and belief, Sanuvox actively induces infringement by designing and introducing into the stream of commerce infringing Accused Product and by publishing product literature encouraging use in an infringing manner and by offering support and technical assistance to its customers to encourage use of the Accused Product in ways that infringe one or more claims, including at least claim 1, of the '567 patent. For instance, see the video published by Sanuvox at https://www.youtube.com/watch?v=D27aj1iiUME&feature=youtu.be. Additionally, Sanuvox has actual knowledge of end-users' direct infringement and that Sanuvox's actions induced such infringement.

18. Despite Surfacide's written notice, for example the December 6, 2013 letter, of the '567 patent and Sanuvox's infringement of the '567 patent, Sanuvox has not stopped its infringement. Instead, Sanuvox continues to intentionally make, use, import, offer for sale and

sell the Accused Product that infringes the '567 patent in objectively and subjectively reckless disregard for Surfacide's rights in the '567 patent.

19. Sanuvox's infringement of the '567 patent has been and is willful because Sanuvox has known of the '567 patent and known that the Accused Product infringes the '567 patent, and yet continues to make, use, import, offer for sale, and sell the Accused Product in at least reckless disregard of Surfacide' patent rights.

20. Sanuvox's continuing and past infringement of the '567 patent has and continues to cause monetary damage and irreparable injury to Surfacide, and will continue to do so unless and until Sanuvox's infringement is enjoined by this Court.

21. Surfacide is entitled to recover from Sanuvox the damages sustained by Surfacide as a result of Sanuvox's wrongful acts in an amount subject to proof at trial.

## COUNT II
### Infringement of the '939 patent by Sanuvox

22. Surfacide restates and realleges each and every allegation set forth in paragraphs 1-21 and incorporates them herein.

23. Sanuvox did not and does not have a license to the '939 patent and does not have authority to make, use, import, sell, or offer for sale any product covered by any claim of the '939 patent.

24. In violation of 35 U.S.C. § 271, Sanuvox is and has been directly infringing, contributorily infringing, and/or inducing infringement of one or more claims, including at least claim 1, of the '939 patent by manufacturing, using, importing, offering for sale, and/or selling the Accused Product. Sanuvox will continue manufacturing, using, importing, offering for sale, and/or selling the Accused Product in violated of 35 U.S.C. § 271, if not enjoined from doing so by this Court.

25. Upon information and belief, Sanuvox, with knowledge of the '939 patent, and without authority, has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement by its customers and end-users of one or more claims, including at least claim 1, of the '939 patent under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing Accused Product, intending to and in fact encouraging end-users to directly infringe the '939 patent. On information and belief, Sanuvox actively induces infringement by designing and introducing into the stream of commerce infringing Accused Product and by publishing product literature encouraging use in an infringing manner and by offering support and technical assistance to its customers to encourage use of the Accused Product in ways that infringe one or more claims, including at least claim 1, of the '939 patent. For instance, see the video published by Sanuvox at https://www.youtube.com/watch?v=D27aj1iiUME&feature=youtu.be. Additionally, Sanuvox has actual knowledge of end-users' direct infringement and that Sanuvox's actions induced such infringement.

26. Despite Surfacide's February 25, 2015 letter, providing written notice of the '939 patent and Sanuvox's infringement of the '939 patent, Sanuvox has not stopped its infringement. Instead, Sanuvox continues to intentionally make, use, import, offer for sale and sell the Accused Product that infringes the '939 patent in objectively and subjectively reckless disregard for Surfacide's rights in the '939 patent.

27. Sanuvox's infringement of the '939 patent has been and is willful because Sanuvox has known of the '939 patent and known that the Accused Product infringes the '939 patent, and yet continues to make, use, import, offer for sale, and sell the Accused Product in at least reckless disregard of Surfacide' patent rights.

28. Sanuvox's continuing and past infringement of the '939 patent has and continues to cause monetary damage and irreparable injury to Surfacide, and will continue to do so unless and until Sanuvox's infringement is enjoined by this Court.

29. Surfacide is entitled to recover from Sanuvox the damages sustained by Surfacide as a result of Sanuvox's wrongful acts in an amount subject to proof at trial.

## DEMAND FOR JURY TRIAL

Surfacide demands a jury trial on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Surfacide respectfully requests the following relief:

1. A judgment that Sanuvox has infringed and is infringing the '567 and '939 patents, and is liable to Surfacide for damages caused by such infringement;

2. A judgment that Sanuvox's infringement of the '567 and '939 patents was willful and that damages shall be increased under 35 U.S.C. § 284 to three times the amount found or measured;

3. A judgment that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Surfacide be awarded attorneys' fees incurred in this action;

4. An award of lost profits, or in the alternative, not less than a reasonable royalty adequate to compensate Surfacide for Sanuvox's past infringement;

5. A post-judgment equitable accounting of damages owed by Sanuvox for the period of infringement of the '567 and '939 patents following the period of damages established by Surfacide at trial;

6. An order permanently enjoining Sanuvox from infringing and inducing others to infringe the '567 and '939 patents;

7. If permanent injunctions are not granted, a judicial determination of the conditions for future infringement such as a royalty bearing ongoing royalty;

8. An order requiring Sanuvox to deliver to Surfacide for destruction all infringing products in its possession in the United States; and

9. Such other and further relief at law or in equity as the Court deems just and proper.

32299554

Dated: June 25, 2015

Respectfully submitted,

By: /s/ David G. Hanson
**Reinhart Boerner Van Deuren s.c.**
James G. Morrow (IL Bar No. 6193722)
David G. Hanson (N.D. Ill. Bar No. 90785044)
Willis Tower
233 South Wacker Drive, Suite 9400
Chicago, Illinois 60606
Telephone: 312-207-5456
Facsimile: 414-298-8097
JMorrow@reinhartlaw.com
DHanson@reinhartlaw.com

**Robins Kaplan LLP**
Cyrus A. Morton (MN Bar No. 0287325)
(*pro hac vice* to be submitted)
Angela Munoz-Kaphing (MN Bar No. 0389207)
(*pro hac vice* to be submitted)
Emily E. Niles (MN Bar No. 0396631)
(*pro hac vice* to be submitted)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
CMorton@robinskaplan.com
AMunoz-Kaphing@robinskaplan.com
ENiles@robinskaplan.com

*Attorneys for Plaintiff*
*Surfacide, LLC*